97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raynard D. RHODES, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden, Respondent-Appellee.
 No. 95-16785.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1996.
Decided Sept. 5, 1996.
 
 1
 Before: O'SCANNLAIN and LEAVY, Circuit Judges; MOSKOWITZ,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner, Raynard D. Rhodes, appeals the district court's denial of his petition for writ of habeas corpus. Rhodes was convicted in the California Superior Court of burglary and rape and sentenced to 21 years in state prison.
 
 I.
 
 4
 Rhodes argues he was denied effective assistance of counsel in violation of the Sixth Amendment because a conflict of interest adversely affected his trial counsel's performance. Rhodes contends that he gave his retained counsel, Benjamin Lusk, his 1975 Mercedes automobile as payment for Lusk's fee. The car was in the shop and Lusk had to pay the repair bill of about $5000 before it could be released. Rhodes contends that Lusk agreed to pay the bill and then sell the car to cover his legal fee and the costs of an investigation. Lusk gave the repair shop a check for the repairs that was drawn on insufficient funds. Rhodes asserts that Lusk never advised him that he did not retrieve the car, that the check bounced or that he had no funds to hire an investigator. Rhodes argues that Lusk failed to advise him of these facts because Lusk was facing disciplinary proceedings before the state bar relating, in part, to another check he had written on insufficient funds. Thus, Rhodes contends that Lusk had a conflict between protecting his own interests in covering up his bounced check to the repair shop and protecting Rhodes' interest in obtaining an investigator.
 
 
 5
 While we are troubled by Lusk's failure to disclose to Rhodes the fact that he had no money to hire an investigator, we need not decide whether this constitutes a conflict of interest, as we conclude that the alleged conflict did not have any effect on Lusk's handling of the defense.
 
 
 6
 In order to establish a Sixth Amendment violation of ineffective assistance of counsel based on a conflict of interest, Rhodes must show not only that his counsel actually had a conflict of interest, but also that it was likely that the conflict of interest adversely affected his counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 348-350 (1980); Maiden v. Bunnell, 35 F.3d 477, 480 (9th Cir.1994); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.), cert. denied, 488 U.S. 908 (1988). A defendant challenging his conviction based on ineffective assistance of counsel must demonstrate prejudice. Strickland v. Washington, 466 U.S. at 687. However, where the defendant establishes an actual conflict of interest, prejudice is presumed. United States v. Miskinis, 966 F.2d 1263, 1268 (9th Cir.1992); Mannhalt v. Reed, 847 F.2d at 580. Nevertheless, the defendant must still show that it was likely that the actual conflict of interest adversely affected his lawyer's performance in a particular aspect of the case. Maiden v. Bunnell, 35 F.3d at 480. In the absence of any adverse effect, the conflict, while punishable with professional discipline, can not be considered a cause of the conviction.
 
 
 7
 The victim of the rape testified that Rhodes broke into her apartment and raped her. Rhodes contended at trial that the victim let him in and consented to have intercourse with him. The prosecution offered evidence establishing that Rhodes had entered the apartment by breaking a window. Rhodes argues that he did not enter through the window and contends that objective evidence could have shown that he was too large to fit through the hole in the window. Rhodes contends that his attorney's conflict of interest resulted in his failure to independently measure the hole in the window and challenge the prosecution's measurements of the hole in the window.
 
 
 8
 Lusk was retained about five months after the rape occurred. Rhodes offers absolutely no evidence that the window had not been repaired by the time Lusk was retained. Rhodes also contends more accurate measurements of the window could have been obtained. However, accepting as true the appellate counsel's measurements based on post-conviction investigation, there would still be over 26 inches of clearance across the diagonal of the hole through which Rhodes could have entered. Also, the blood stain found on the interior of the window is located where a person climbing through the hole would likely place his right hand to facilitate entry. Neither an investigator's measurements of the window or the hole, if it still existed, nor expert testimony would have helped Rhodes. The blood stain found on the inside of the window frame, Rhodes' own testimony that he broke the window, and the fact that there was at least 26 inches diagonally in which Rhodes could have entered, clearly supports the jury's finding that Rhodes entered through the window. Nothing that Lusk could have done through an investigator or expert testimony could have helped the defense.
 
 
 9
 Rhodes has failed to show that Lusk's lack of funds to hire an investigator or expert witness had some likely effect on Lusk's handling of the window defense. Since Rhodes points to no other evidence that the alleged conflict had any effect on Lusk's performance in handling the defense, he has failed to make out a claim for ineffective assistance of counsel based on a conflict of interest. United States v. Miskinis, 966 F.2d at 1268.
 
 II
 
 10
 Rhodes also contends that even in the absence of a conflict, he was denied effective assistance of counsel. In order to succeed on this claim, Rhodes must show that his counsel's representation fell below an objective standard of reasonableness and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. Rhodes' arguments as to Lusk's ineffectiveness also revolves around the broken window evidence. He contends that Lusk's failure to investigate and present evidence as to the dimensions of the broken window, its frame and the hole deprived him of effective assistance. As noted above, however, there is no evidence that the window was still broken when Rhodes was first arrested. The rape occurred on November 10, 1990. Rhodes left the state soon thereafter, and was not arrested until February 1991. Lusk was not retained until April 1991. Even if we were to hold that Rhodes' first appointed counsel should have had the window and its hole measured, there is absolutely no evidence that the hole still existed by the time that Rhodes was arrested. Given the time of year, it is unlikely the hole was not repaired. Furthermore, even accepting the measurements Rhodes' present counsel urges upon us from post-conviction investigation, simple principles of geometry establish that there was 26 inches diagonally through which Rhodes could fit his 20-inch shoulders. The location of the spot of blood matching Rhodes' blood type amply supports the conclusion that Rhodes broke the window and entered the victim's apartment through the resulting hole.
 
 
 11
 Finally, Rhodes argues that Lusk erred by suggesting to the jury that it compare Rhodes' body size to Leroy Johnson, the prosecution's evidence technician, rather than measuring Rhodes. Tactical trial decisions do not rise to ineffective assistance simply because in retrospect better tactics could have been employed. Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir.), cert. denied, 469 U.S. 838 (1984). Measurements of Rhodes would not have helped his defense. The comparison to Johnson was a tactical decision by Lusk that does not amount to ineffective assistance and did not effect the outcome.
 
 
 12
 Lusk utilized a photograph of the window to argue to the jury that Rhodes could not have fit through the hole. Lusk cross-examined on this issue and argued it to the jury. Lusk's performance does not constitute ineffective assistance of counsel. Even if Lusk did what Rhodes now contends he should have done, it would not have changed the verdict.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3